The opinion of the Court was delivered by
Poché, J.
The complaint of the defendant, presented by a bill ol exceptions, charges error in the following special charge given to tlie jury, at his trial on a charge of murder : ,
“ That if you find the accused made the first assault at the time of the killing, then you should disregard the evidence of jirevious threats and of the dangerous character of the deceased.”
Tlie bill informs us that the evidence excluded from the consideration of the jury had been introduced by the accused, not to prove justification, but to rebut the presumption of malice, which could have been drawn from the evidence of the State, showing that on the morning of the day on which the homicide occurred, the accused had gone to the house of the deceased and had deliberately shot at him. The State had objected to the introduction of the evidence of previous threats, etc., which objection had been overruled by the Judge, with the understanding, that in case it would appear from the testimony that the accused had been the aggressor in the fatal difficulty, the jury would be charged to disregard the evidence of previous threats, and of the dangerous character of the deceased.
*1023 As the State had reserved no bill of exceptions to the ruling of the Judge, in admitting the testimony in question, we are at a loss to appreciate, the binding or legal effect of the understanding referred to by the Judge. To our minds, it appears that the Judge should have ruled absolutely that the evidence was admissible or not, and that a conditional ruling on such an important question is not sanctioned by either law or authority. And in this connection, we note with no small degree of surprise and regret, that in a suit of this magnitude, we have not been assisted by the State’s representative, either by oral argument or brief.
Under the circumstances surrounding the introduction of the evidence of previous threats, we think that there is error, to the predjudice of the accused, in the special-charge which he complains of.
Conceding that such evidence could not justify the homicide, it is clear that it was admissible in rebuttal of the presumption of malice, and its consideration by the jury might possibly have reduced their verdict from murder to manslaughter.
In the case of the State vs. Ricks, 32 An. 1100, we held that the accused was entitled to have the jury to consider the dangerous character of the deceased, in connection with previous threats made by him against the accused, as evidence to show that from such circumstances, the accused had reasonable grounds to believe, or to fear and apprehend that he was in danger. Wharton, § 641.
The same doctrine was- laid down in the case of the State vs. Cooper, 32 An. 1085.-
If such testimony is admissible to show that the accused had grounds to fear that he was in danger, a fortiori should it be admissible to rebut malice or premeditation, and to thus mitigate the offense.
We wish it understood that our ruling herein is confined to the admissibility of the evidence under the circumstances of this case, to-wit: in connection with the evidence of prior acts, introduced by the State to prove malice, and to rebut the inference of malice from such evidence.
The verdict of the jury, and the sentence of the court of imprisonment at hard labor for life, are, therefore, erroneous.
It is, therefore, ordered, adjudged, and decreed, that the verdict of the jury be set aside, and the judgment of the lower court annulled, avoided and reversed; and it is now ordered, that this case be remanded to the lower court for trial, according to law and to the views herein expressed.